IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ROBERT CHARLES CARR                     §

v.                                      §          CIVIL ACTION NO. 6:07cv46

DIRECTOR, TDCJ-CID                      §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT


The Petitioner Robert Charles Carr, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

This is the second federal habeas corpus petition which Carr has filed.  The first such petition, styled Carr v. Director, TDCJ-CID, civil action no. 6:05cv63, was dismissed on March 9, 2006, and a certificate of appealability was denied by the Fifth Circuit on December 8, 2006.  Carr sought leave to file a successive habeas corpus application, while his first appeal was still pending, but this leave was denied by the Fifth Circuit on November 8, 2006.

Notwithstanding this denial, Carr filed the present habeas petition in the district court.  He argues that he is actually innocent of the crime and that he has a right to file a successive petition because he was not aware that he had a right to appeal his conviction or withdraw his guilty plea until he read the Report of the Magistrate Judge in his first federal habeas petition.  Carr goes on to argue that counsel failed to advise him of his right, that he was denied due process and equal protection because the state trial court did not follow Rule 11 or Rule 32 of the Federal Rules of

Criminal Procedure, and he should be entitled to a hearing at which he can present witnesses to support his claim of actual innocence.

On February 27, 2007, the Magistrate Judge issued a Report recommending that Carr's petition be dismissed without prejudice for failure to secure leave to file a successive petition.  The Magistrate Judge observed that under 28 U.S.C. §2244(b)(3), before a second or successive application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.  Under this statute, the Magistrate Judge said, Carr must obtain leave from the Fifth Circuit to file his successive petition in the district court; he cannot simply bypass the appellate court by presenting his grounds for filing a successive petition to the district court.  The Magistrate Judge stated that while Carr argues that he has a right to bring a successive petition, that is a matter for the Fifth Circuit, not the district court, to decide.  The Magistrate Judge therefore recommended that Carr be denied a certificate of appealability, but stated that Carr could refile his petition in the district court at such time as he obtained leave from the Fifth Circuit to do so.

Carr filed objections to the Magistrate Judge's Report on March 19, 2007.  In his objections, Carr concedes that he presented his petition in district court without obtaining leave from the Fifth Circuit, and that in fact such leave had been denied.  However, he says, because he is actually innocent of the offense, he decided that he would give the Court another chance to correct the injustice before he seeks a writ of certiorari.  Although the Magistrate Judge said that Carr could not file a successive writ without permission, Carr says, claims of actual innocence supersede any procedural bar.  He says that all he wants is a chance to present his witnesses who can verify that he was wrongly accused, and that because of his defense attorney's ineffectiveness, he pleaded guilty to a crime which he did not commit.

Carr's claim that actual innocence is an exception to the statute requiring that petitioners seeking to file successive habeas corpus applications obtain leave from the Court of Appeals is simply incorrect.  *See* Fierro v. Cockrell, 294 F.3d 674, 684 and n.17 (5th Cir. 2002), *citing* Graham

v. Johnson, 168 F.3d 762, 787-88 (5th Cir. 1999); *accord*, In re Martin, 37 Fed.Appx. 91 (5th Cir., May 10, 2002) (not selected for publication in the Federal Reporter) (stating that a claimed exception for factual innocence to the statutory constraints on consideration of successive petitions "is neither recognized in, nor permitted by" the statute).   The remainder of Carr's claims, to the effect that he can call witnesses to prove his innocence and that he received ineffective assistance of counsel, are matters which are properly presented to the Fifth Circuit Court of Appeals.  As the Magistrate Judge said, the district court simply cannot grant leave to proceed in a second or successive petition; such leave must be obtained from the Fifth Circuit.  Until Carr obtains this leave, the district court lacks jurisdiction to consider his contentions.  Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). Carr's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice, with refiling contingent upon Carr's obtaining leave from the Fifth Circuit Court of Appeals to file a successive petition.  It is further

ORDERED that a certificate of appealability is hereby DENIED *sua sponte.*   Such denial of a certificate of appealability shall not prevent Carr from filing a proper motion in the Fifth Circuit Court of Appeals seeking leave to file a successive petition in the district court.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 3rd day of April, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**